IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE TOHONO O'ODHAM NATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>DIRK KEMPTHORNE, ROSS O. )<br>SWIMMER and HENRY M. )<br>PAULSON, )<br><br>Defendants. ) | Case No. 06-CV-02236-JR<br>Judge James Robertson |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPORT
PURSUANT TO FEDERAL RULE 26(f) AND LOCAL CIVIL RULE 16.3
AND TO SERVE INITIAL DISCLOSURES AND PROPOSED ORDER**

Pursuant to Federal Rule 6(b), Plaintiff, the Tohono O'odham Nation (the "Tribe"), moves the Court for a one-day extension of time to file a Report Pursuant to Federal Rule 26(f) and Local Civil Rule 16.3 ("Rule 26(f) Report") through and including May 3, 2007. The Tribe further moves the Court for an extension of time to serve Initial Disclosures through and including May 3, 2007, provided that should Defendants, Dirk Kempthorne, Secretary of the Interior; Ross O. Swimmer, Special Trustee; and Henry Paulson, Secretary of Treasury ("Defendants"), object to serving Initial Disclosures in the Rule 26(f) Report, pursuant to Federal Rule 26(a) and Local Rule 26.2(a), the Tribe will not be required to serve Initial Disclosures until the Court rules on Defendants' objection.

In support of its motion, the Tribe shows the Court as follows:

1.      Pursuant to Federal Rule 26(f) and Local Civil Rule 16.3(a), the Parties held a Federal Rule 26(f) conference on April 11, 2007 at the Tribe's counsel's offices. During this Rule 26(f) conference, the Tribe set out in detail a proposed case management plan as

required by Federal Rule 26(f) and its positions with regard to the topics listed in Local Civil Rule 16.3(c).  Defendants did not present to the Tribe a proposed case management plan or address the topics listed in Local Civil Rule 16.3(c), but instead took the position that the parties were exempted from compliance with Federal Rule 26(f) pursuant to Local Civil Rule 16.3(b)(1).

2.       Pursuant to Federal Rule 26(f) and Local Civil Rule 16.3(d), on April 25, 2007, the Parties were required to submit to the Court a Rule 26(f) Report, which the Tribe was prepared to timely submit without Defendants' participation.  On April 25, 2007, without having previously submitted to the Tribe any portion of a draft Rule 26(f) Report, despite the Tribe's invitation to Defendants to do so, the Defendants requested that the Tribe consent to a request to the Court for an extension of time  to allow Defendants to prepare and join in the Rule 26(f) Report.

3.       The Tribe agreed to join in the request for an extension to file a Joint Rule 26(f) Report through and including May 2, 2007, provided that Defendants agreed to provide the Tribe with their contentions regarding the topics listed in Federal Rule 26(f) and Local Civil Rule 16.3(c) by noon on Monday, April 30, 2007.

4.       The Defendants did not submit their contentions regarding the topics listed in Federal Rule 26(f) and Local Civil Rule 16.3(c) to the Tribe until noon on Tuesday, May 1, 2007.  At that time, the Defendants revealed for the first time their position that the case should be voluntarily remanded to the Department of Interior.

5.       To adequately address Defendants' newly and untimely asserted position, the Tribe requested that Defendants consent to a one-day extension to file a Joint Rule 26(f) Report on May 3, 2007.  Defendants initially agreed to the one-day extension.  In the late

afternoon on May 2, 2007, however, Defendants indicated that they could not agree to any extensions until they received a composite draft Rule 26(f) Report, which the Tribe intended to provide to Defendants that evening.  Because Defendants ultimately refused to agree to a one-day extension to file a Rule 26(f) Report on the evening of the deadline, the Tribe had no choice but to file the instant motion.

6.     Pursuant to Federal Rule 26(a)(1), Local Civil Rule 26.2(a) and the Parties' Joint Motion for Extension of Time to File Local Civil Rule 16.3(d) Report (filed on April 25, 2007), the Parties are required to serve Initial Disclosures on May 2, 2007.  During the Rule 26(f) conference, however, Defendants objected to serving Initial Disclosures.

7.     Local Rule 26.2(a) provides that Initial Disclosures "must be made at or within 14 days after the Rule 26(f) conference . . . unless a party objects during the conference that the initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan."  Accordingly, should the Defendants state their objection to serving Initial Disclosures in a Rule 26(f) Report, the Tribe will be relieved of its obligation to submit Initial Disclosures until the Court Rules on Defendants' objection.  *See also* Federal Rule 26(a).

8.     The Tribe's request for a one-day extension of time to file the Rule 26(f) Report and to serve Initial Disclosures is not made for purposes of harassment, delay, or any other improper purpose.  Additionally, none of the Parties will be prejudiced by the extension of time.

9.     A proposed Order granting the instant motion is attached hereto.

WHEREFORE, the Tribe respectfully requests that its unopposed motion for extension of time be granted.

Respectfully submitted, this 2nd day of May, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPORT PURSUANT TO FEDERAL RULE 26(f) AND LOCAL CIVIL RULE 16.3 AND TO SERVE INITIAL DISCLOSURES AND PROPOSED ORDER  was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

John H. Martin, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO  80294

Kevin J. Larsen, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663

This 2nd day of May, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE TOHONO O'ODHAM NATION,    )
                                                      )
                    Plaintiff,                        )
                                                      )
v.                                                    )    Case No. 06-CV-02236-JR
                                                      )    Judge James Robertson
DIRK KEMPTHORNE, ROSS O.                  )
SWIMMER and HENRY M.                       )
PAULSON,                                      )
                                                      )
                    Defendants.                       )

## PROPOSED ORDER

This matter comes before the Court on the Plaintiff's Motion for Extension of Time to File a Report Pursuant to Federal Rule 26(f) and Local Civil Rule 16.3 ("Rule 26(f) Report") and to serve Initial Disclosure. After careful consideration and review of the motion, which Defendants do not oppose, the Court finds good cause and hereby GRANTS Plaintiff's Motion for Extension of Time to File the Rule 26(f) Report and to Serve Initial Disclosures. It is hereby ORDERED that:

1.    Plaintiff's time to submit a Rule 26(f) is extended through and including May 3, 2007.

2.    Plaintiff's time to serve Initial Disclosures is extended through and including May 3, 2007, provided that should Defendants object to serving Initial Disclosures in the Rule 26(f) Report pursuant to Federal Rule 26(a) and Local Rule 26.2(a), Plaintiff will not be required to serve Initial Disclosures until the Court rules on Defendants' objection.

SO ORDERED this _____ day of _____, 2007.

_____
Hon. James Robertson
UNITED STATES DISTRICT JUDGE