IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE TOHONO O'ODHAM NATION,  )
)
Plaintiff,  )
)
v.  )
)       Case No. 06-CV-02236-JR
)       Judge James Robertson
DIRK KEMPTHORNE, ROSS O.  )
SWIMMER and HENRY M.  )
PAULSON,  )
)
Defendants.  )

**PLAINTIFF'S COMMENTS REGARDING
DEFENDANTS' REQUEST TO DELAY THESE PROCEEDINGS
TO FILE A MOTION TO REMAND**

Delaying this case for months to allow Trustee-Delegates to move to remand Plaintiff-Beneficiary's equitable accounting claim would serve no legitimate purpose. The assumption underlying Trustee-Delegates' remand request is that Plaintiff-Beneficiary's claim is for review of agency action under the Administrative Procedure Act ("APA"). As the Complaint makes clear, Plaintiff-Beneficiary seeks to enforce trust duties pursuant to federal question jurisdiction under 28 U.S.C. § 1331.

Suspending this action for months to allow Trustee-Delegates to file a frivolous remand motion would accomplish only one thing – further delay in the adjudication of Plaintiff-Beneficiary's claims. It would also severely prejudice Plaintiff-Beneficiary as Plaintiff-Beneficiary seeks to obtain certain information that it is presently entitled to and which is in the exclusive possession of Trustee-Delegates. Rather than allow Trustee-Delegates the 60 days they seek to file such a motion, Plaintiff-Beneficiary urges the Court to rule on Trustee-Delegates' objection to serving the initial disclosures normally required of

1

litigants by Rule 26(a)(1) of the Federal Rules of Civil Procedure.  In taking the position that they are exempted from making any such disclosures under Rule 26(a)(1)(E)(i), Trustee-Delegates have presented the same argument that is the basis for their remand contention – *i.e.*, that this is an APA case involving nothing more than Plaintiff-Beneficiary's request for the Court's review based on an administrative record.  This Court therefore is presented with the opportunity to address Trustee-Delegates' APA argument *now* rather than months into the future.  Trustee-Delegates' "exemption" contention was presented in the Joint Status Report filed in this case by counsel for the parties six weeks ago.  The matter is ripe for this Court's immediate determination.

To be clear, while Trustee-Delegates' so-called "remand" motion is frivolous, Plaintiff-Beneficiary is not contending that Trustee-Delegates be barred from filing it.  If necessary, there are sufficient remedies in the Federal Rules to address such frivolity.  What Plaintiff-Beneficiary is arguing is that this Court should not delay discovery and other aspects of this case for months on end as a consequence.  The unwarranted delay of these proceedings sought by Trustee-Delegates should not be countenanced.

## Background

### A.    Plaintiff-Beneficiary Brings a Claim for an Equitable Accounting.

On December 29, 2006, Plaintiff-Beneficiary initiated this action for an equitable accounting of Plaintiff-Beneficiary's trust funds and other assets held by Trustee-Delegates. As such, Plaintiff-Beneficiary not only seeks an accounting of its trust funds, but also of information regarding Plaintiff-Beneficiary's underlying trust assets and resources, such as leases, rights-of-way and easements.  To date, Plaintiff-Beneficiary has been unable to obtain vital information regarding its trust assets from Trustee-Delegates.

In the action, Plaintiff-Beneficiary seeks a declaration that Trustee-Delegates owe a fiduciary duty to provide a complete and accurate accounting of all such funds and assets and that they are in violation of this trust duty. Further, to the extent that the accounting demonstrates errors in the account balances, whether positive or negative, Plaintiff-Beneficiary seeks a decree directing the restatement and correction of Plaintiff-Beneficiary's trust account balances reflecting the results of the accounting. Finally, the accounting may reveal other breaches of trust that will require further equitable relief that may be appropriate under the circumstances (*e.g.*, an order mandating the trustee to bring an action against a third party, *see, e.g.*, Restatement (Second) of Trusts § 177 ("Duty to Enforce Claims")) or reveal other actions that Plaintiff-Beneficiary may have to commence in other tribunals.

The substantive bases for Plaintiff-Beneficiary's claim are the statutes and regulations that create the trust relationship. Thus, as the Complaint filed in this case demonstrates, Plaintiff-Beneficiary has initiated this action under 28 U.S.C. § 1331 as a trust beneficiary requesting that this Court sitting in equity enforce statutorily-based trust obligations owed by the trustee. *See* Complaint, at ¶ 9.

## B.    Trustee-Delegates Assert that the Action Is One for Review of an Administrative Record.

Following the filing of the Complaint and Answer, in accordance with Federal Rule 26(f), Plaintiff-Beneficiary's counsel and Trustee-Delegates' counsel met on April 11, 2007. It is Plaintiff-Beneficiary's position that such a meeting was required by Federal Rule 26(f) and that counsel for the parties were obliged to address the various discovery and case management issues listed in Rule 26(f) and in Local Civil Rule 16.3(c) and thereafter submit a joint report to the Court. Consequently, counsel for Plaintiff-Beneficiary outlined a

proposed plan for case management to Trustee-Delegates' counsel during the April 11 meeting.

When Plaintiff-Beneficiary thereafter proposed to address the 14 numbered topics mandated for discussion per Local Civil Rule 16.3(c), however, Trustee-Delegates' counsel initially took the position at the meeting that the parties were exempted from compliance pursuant to Local Civil Rule 16.3(b)(1). The parties then proceeded to discuss each of the required Rule 16.3(c) items. Later during that same meeting, moreover, a similar exemption was asserted with respect to the initial disclosure requirements imposed under Federal Rule 26(a)(1). And in an April 17, 2007 e-mail, Trustee-Delegates' counsel took the position that there was no duty for the parties to confer or to submit a joint Rule 26(f) report in this litigation due to Federal Rule 26(a)(1)(E)(i), which exempts from initial disclosures "an action for review on an administrative record."

When the parties submitted a Joint Report, Trustee-Delegates again asserted their objection to serving initial disclosures based on Federal Rule 26(a)(1)(E)(i) and for the first time, announced their intent to request that this Court delay this action and allow Trustee-Delegates sixty (60) days to file a Motion to Remand this case to the Department of Interior to complete an accounting. *See* Joint Report, Sections B. 2 and B.4. According to Trustee-Delegates, upon completion of that remand, the accounting, along with the supporting administrative record, would be presented to Plaintiff-Beneficiary for its review, at which point the "parties would confer to determine the next steps in the litigation." *See* Joint Report, Section B.2.

### C.     The Court Holds a Status Conference.

On June 6, 2007, this Court held a Status Conference during which the parties presented their opposing views concerning the nature of Plaintiff-Beneficiary's claims for an equitable accounting and how the case should proceed. To allow for the orderly and timely resolution of this case, Plaintiff-Beneficiary proposed that the litigation be divided into two phases: (1) Declaratory Relief; and (2) Accounting Trial & Remedies. Plaintiff-Beneficiary proposed that in Phase I, Trustee-Delegates be ordered to produce the financial data and records referenced in Trustee-Delegates' Answers in response to Plaintiff-Beneficiary's allegations that Trustee-Delegates' have failed to provide an accounting and to identify which documents, if any, the Trustee-Delegates contend satisfy their accounting obligation. The parties then would have ninety (90) days for fact discovery followed by several months of expert discovery and dispositive motions. Plaintiff-Beneficiary proposed that Phase II involve a longer discovery period and conclude with an accounting and remedies trial. Trustee-Delegates, in turn, argued that because Plaintiff-Beneficiary purportedly had invoked the jurisdiction of the APA, the parties should not engage in discovery and the action should be remanded to the Department of Interior so that Interior could create an appropriate record for judicial review.

Regarding Plaintiff-Beneficiary's need for information regarding its trust assets, Trustee-Delegates' counsel further represented to the Court that in connection with the actions pending in the United States Court of Federal Claims ("CFC"), Trustee-Delegates "would be making available . . . generally" "what [Trustee-Delegates] would make available in this Court." Transcript of Hearing before the Honorable James Robertson, June 6, 2007 ("Hearing Transcript"), at p. 47. What Trustee-Delegates failed to disclose to the Court,

however, is that in the CFC action, Trustee-Delegates have requested that the CFC stay discovery **_pending the resolution of this action_**. The CFC has not yet ruled on Trustee-Delegates' request for a stay and discovery still has not yet begun. In addition, Trustee-Delegates have filed a motion to dismiss the CFC action based on Plaintiff-Beneficiary having filed an action in this Court.

In connection with the CFC action initiated by the Ak-Chin Indian Community, in which Trustee-Delegates' request for a stay was rejected, Trustee-Delegates will be filing a motion to dismiss based on the Ak-Chin Indian Community having filed an action in this Court. In addition, Trustee-Delegates represented to the Court that they were in the process of collecting and intended to disclose to the Ak-Chin Indian Community certain "rights-of-way files" and that Ak-Chin "will be getting the documents that [it is] already talking about needing here." Hearing Transcript, at p. 47. After the Status Conference, however, when pressed by Ak-Chin's counsel regarding the timing of these promised disclosures, Trustee-Delegates gave no firm commitment to providing the documents.

At the conclusion of the hearing, the Court then questioned Trustee-Delegates' counsel as to whether Trustee-Delegates would take the position that remand was appropriate in the other "25 or 30 tribal cases" before the Court, some of which had been pending for several years. Hearing Transcript, at p. 40. Trustee-Delegates' counsel responded that it would be an "option" but that Trustee-Delegates would "prefer to work individually with the tribes." _Id._ The Court then proposed that in the interest of judicial economy, within sixty (60) days, Trustee-Delegates file a Motion to Remand in all of the tribal trust cases pending before the Court and that the Court issue an order allowing for the plaintiff tribes in the other tribal trust accounting actions to opt-out of the process. Hearing Transcript, at pp. 40-41.

Trustee-Delegates' counsel responded that he believed that consolidating the actions "would not be the right course of action at this point."  Hearing Transcript, at p. 41.  The Court thereafter allowed the parties ten (10) days to "comment" on the Court's proposal prior to it issuing an Order initiating this procedure.  Hearing Transcript, at p. 48.

<b><u>Argument and Citation of Authorities</u></b>

Plaintiff-Beneficiary respectfully requests that the Court reconsider delaying this action for several months pending the resolution of Trustee-Delegates' Motion to Remand. While Plaintiff-Beneficiary appreciates the Court's desire to "decide once and for all" Trustee-Delegates' argument that Plaintiff-Beneficiary's equitable accounting claim falls under the APA in this case and possibly in other tribal trust cases pending before it, Plaintiff-Beneficiary respectfully submits that Trustee-Delegates' Motion to Remand is not the most efficient means to do so.  Hearing Transcript, at p. 41.  Delaying this action for months while Trustee-Delegates advance arguments that have been fully considered and rejected previously by this Court and the U.S. Court of Appeals for the District of Columbia does not promote judicial economy.

**A.    The Court should not Delay this Action Pending Resolution of Trustee-Delegates' Motion to Remand.**

Trustee-Delegates' request that discovery be stayed while they pursue a Motion to Remand is simply a delay tactic.[1]  Trustee-Delegates' argument that this action is an APA review case is wholly without merit.  As set forth in the Complaint, Plaintiff-Beneficiary's claim is an action for breach of trust arising under the laws of the United States.  As such,

---

[1] In spite of Trustee-Delegates' suggestion to the contrary, Trustee-Delegates are ***not*** providing Plaintiff-Beneficiary with information regarding its trust assets -- which Plaintiff-Beneficiary is entitled to receive as a matter of right here -- in the CFC action.  In fact, Trustee-Delegates have requested that the CFC order that discovery be suspended and stay the entire CFC action pending resolution of this action.  Trustee-Delegates also have filed a motion to dismiss the CFC action and discovery has not commenced.

this case is expressly pleaded as an action under 28 U.S.C. § 1331 to enforce federal statutory trust responsibilities, both express and implied, against Trustee-Delegates owing substantial fiduciary duties to Plaintiff-Beneficiary.  This action involves the inherent equitable powers of this Court to enforce the trust created by federal statute and not a review of an administrative record as Trustee-Delegates contend.

Trustee-Delegates made an identical argument to this Court in the *Cobell* trust accounting litigation, where Trustee-Delegates argued that "the case involv[ed] no more than judicial review of a prototypical administrative action under the APA" and that "judicial review is limited to the administrative record."   *Cobell v. Norton*, 226 F.R.D. 64, 92 (D.D.C. 2005).  As here, Trustee-Delegates argued that *prior to any discovery* "the compilation and Court review of the administrative record must be completed."  *Id*.  This Court flatly rejected Trustee-Delegates' argument as "ill-founded" and "unsound" and further observed  that despite their repeated attempts to do so, "Trustee-Delegates have never been successful in portraying this litigation as a typical case of judicial review of agency action."  *Id.*

In *Cobell v. Norton*, 391 F.3d 246, 257-58 (D.C. Cir. 2004) ("*Cobell XII*"), the U.S. Court of Appeals for the District of Columbia also specifically rejected the Trustee-Delegates' argument that this Court's power to order equitable relief is constrained by the APA.  In doing so, the Court of Appeals declared that:  "The narrower judicial powers appropriate under the APA do not apply [in this suit] . . . because the underlying lawsuit is both an Indian case and a trust case in which the trustees have egregiously breached their fiduciary duties."  *Id.* at 257-58; *see also Cobell v. Norton*, 455 F.3d 301, 307 (D.C. Cir. 2006) (*Cobell XVIII*) (holding that "because the underlying lawsuit is both an Indian case and a trust case in which the trustees have egregiously breached their fiduciary duties, the court

retains substantial latitude, much more so than in the typical agency case, to fashion an equitable remedy") (quotations and citations omitted); *Cobell v. Norton*, 392 F.3d 461, 478 (D.C. Cir. 2004) (*Cobell XIII*) (recognizing "more intrusive relief may be appropriate" when addressing "the government's failure to provide a statutorily required accounting").

Likewise here, Plaintiff-Beneficiary's claim is a right of action of a beneficiary seeking to enforce the trust terms and duties against the trustee. It is axiomatic that "[a] court of equity, having jurisdiction over the administration of trusts, will give to the beneficiaries of a trust such remedies as are necessary for the protection of their interests . . . ." III William F. Fratcher, Scott on Trusts § 199, at 203-04 (4th ed. 1988). Accordingly, this Court must enforce trust duties using its inherent equitable authority and ensure protection of the beneficiary. *See, e.g., Village of Brookfield v. Pentis*, 101 F.2d 516, 520-21 (7th Cir. 1939) ("Courts of equity have original inherent jurisdiction to decree and enforce trusts and to do whatever is necessary to preserve them from destruction."); *Cobell v. Norton*, 240 F.3d 1081, 1094 (D.C. Cir. 2001) ("*Cobell VI*") ("Plaintiffs' claims allege breach of trust obligations grounded in federal law and plaintiff seek enforcement of their federal rights. Plaintiffs' claims thus 'arise under' the laws of the United States, granting federal court jurisdiction under 28 U.S.C. § 1331.").

Contrary to what Trustee-Delegates argue, this trust case does ***not*** present in any form or fashion an APA-type review of agency action. It is Trustee-Delegates' failure to fulfill their accounting obligation owed the Plaintiff-Beneficiary for decades that necessitates this suit in the first place and Trustee-Delegates' request that this action be stayed while they pursue a Motion to Remand is simply another tactic of delay. This strategy is perhaps best evidenced by Trustee-Delegates' failure to seek remand in the other tribal trust accounting

cases which have been pending before this Court for years and Trustee-Delegates' apparent unwillingness to do so now.  *See* Hearing Transcript, at p. 51 (the Court finding a "little troublesome . . . that the government has . . . this remand claim that might have made as long as 2, 3, 4 years ago in some of these other cases . . . and now only wants make it when finally everybody comes into court talk[ing] about moving ahead.").  Trustee-Delegates seek to remand this action, despite their past failures in making identical arguments to this Court and U.S. Court of Appeals, only to hinder this case from proceeding to the merits.

It also is significant to note that Trustee-Delegates' remand request necessarily concedes that Trustee-Delegates have failed to discharge their fiduciary duty to account in this case – why else would they seek to suspend the litigation until after Interior has been permitted additional time to try to take steps to rectify the breach in trust duty that this Court has been asked to declare?  Trustee-Delegates are coy about this point because they do not want to admit that after decades of "unconscionable delay" and nearly 13 years after the enactment of the 1994 Act, which confirmed their pre-existing duty to account, Trustee-Delegates today still cannot aver that they have discharged their duty.  Remanding Plaintiff-Beneficiary's trust accounting claim to the same Trustee-Delegates that have delayed for decades in making any legitimate attempt to fulfill this most fundamental of trust duties is no real solution at all.  Rather, it will just exacerbate the irreparable harm Plaintiff-Beneficiary continues to suffer as the result of Trustee-Delegates' ongoing breach of trust duty.  Trustee-Delegates' request for sixty (60) days to seek remand should be soundly rejected.

**B.    The Court Should Rule on Trustee-Delegates' Objection to Serving Initial Disclosures.**

The Court has the opportunity to address Trustee-Delegates' argument that this action falls under the APA without causing months of delay or engaging in unnecessary consolidation of other tribal trust cases by ruling on Trustee-Delegates' objection in this action to serving initial disclosures on the ground that this action purportedly involves nothing more than the Court's "review of an administrative record."  *See* Federal Rule 26(a)(1)(E)(i) and Local Rule 16.3(b)(1).  The Trustee-Delegates made this objection at the parties' Rule 26(f) conference and in the Joint Report thereby temporarily relieving both parties from the obligation of serving initial disclosures.  *See* Federal Rule 26(a)(1).  Under Federal Rule 26, it is now for the Court to "rul[e] on the objection" and "determine what disclosures – if any – are to be made, and set the time for disclosure."  *Id.*

The Court should deny Trustee-Delegates' objection and order the parties to serve initial disclosures within fourteen (14) days.  As the Advisory Committee notes to Federal Rule 26(a)(1)(E)(i) exempting actions for review of an administrative record explain, "the exclusion of an action for review on an administrative record . . .  is intended to reach a proceeding that is *framed as an 'appeal'* based solely on an administrative record."  Federal Rule 26(a)(1) Advisory Committee's Note (2000) (emphasis supplied); 6 James Wm. Moore, et al., Moore's Federal Practice ¶ 26.26[2] (3d ed. 1999).

Accordingly, it is for plaintiffs, not Trustee-Delegates, to state the cause of action for which they seek relief.  Plaintiff-Beneficiary's claim is not framed as an appeal but is *expressly pleaded* as an action under 28 U.S.C. § 1331 to enforce federal statutory trust responsibilities, both express and implied, against Trustee-Delegates owing substantial

11

fiduciary duties to Plaintiff-Beneficiary. *See* Complaint, at ¶ 9. As such, Plaintiff-Beneficiary's action for an equitable accounting presents a federal question over which the Court has subject-matter jurisdiction under Section 1331 – quite apart from the APA.

Nevertheless, Trustee-Delegates have completely ignored the contents of Plaintiff-Beneficiary's pleadings in this matter in attempting to characterize this case as an APA matter in which the Court's jurisdiction has been "invoke[d] . . . under the Administrative Procedure Act (APA), 5 U.S.C. § 500-706. . . among other statutes." *See* Joint Report, at Section B.2. This is not correct. The APA provision invoked by Plaintiff-Beneficiary as support for the breach of trust claim asserted under 28 U.S.C. § 1331 is Section 702 – which waives federal officials' sovereign immunity for actions (like this one) "seeking relief other than money damages" involving a federal officials' action or failure to act. 5 U.S.C. § 702; *see Schnapper v. Foley*, 667 F.2d 102, 108 (D.C. Cir. 1981) (holding that § 702 "was intended to eliminate the defense of sovereign immunity with respect to any action in a court of the United States seeking relief other than money damages"). It is well settled that an APA waiver of sovereign immunity is *not* limited to APA claims, as "[t]he APA's waiver of sovereign immunity *applies to any suit whether under the APA or not*." *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) (emphasis added). *See also Cobell VI*, 240 F.3d at 1094 ("Insofar as plaintiffs seek specific injunctive relief and declaratory relief – and, in particular, seek the accounting to which they are entitled – the government has waived its sovereign immunity under this provision."). As such, Federal Rule 26(a)(1)(E)(i) does not apply as this is not an APA administrative review case and the parties should be required to proceed with serving initial disclosures. This ruling will serve as precedent preventing Trustee-Delegates from raising the same argument here or in the other

tribal trust matters. To the extent the Court would like to permit the so-called "remand" filing, Trustee-Delegates are not foreclosed from doing so; but they will not achieve their objective of delay.

### C.    Consolidation.

For the reasons outlined above, Plaintiff-Beneficiary opposes Trustee-Delegates' request for 60 days to file a remand motion that is nothing more than a recast version of the same "this is an APA case" argument that defendants have repeatedly (and unsuccessfully) raised in the *Cobell* trust accounting litigation. If Trustee-Delegates nevertheless file such a motion, Plaintiff-Beneficiary agrees with the Court that in the interest of judicial economy, the remand issue should be decided at the same time in all of the other tribal trust accounting cases currently pending before this Court.

The Court clearly is authorized to enter such an order consolidating these other pending cases where, as here, there is a "common question of law or fact" to be addressed. *See* Rule 42(a) of the Federal Rules of Civil Procedure (permitting the Court to "make such [consolidation] orders concerning proceedings therein *as may tend to avoid unnecessary costs or delay*") (emphasis added). Consolidating this action and the more than 30 other pending tribal trust cases (some of which have been pending since 2002) would permit the Court to determine why – if Trustee-Delegates' remand motion is being made for any reason other than delay – Trustee-Delegates have failed to present such a motion in any other of the previously-filed cases and instead have urged the Court's entry of stay after stay of all such proceedings.

Trustee-Delegates' belated request for an across-the-board remand of plaintiffs' equitable accounting claims also would be extremely telling in another respect – it would be

nothing less than a confession of Trustee-Delegates' systematic failure to provide the complete and adequate accounting of tribal trust funds and assets required by law to any of the tribal litigants; and clear recognition as well that based on the current record, Trustee-Delegates undoubtedly should be declared to be in breach of their duty to account. Accordingly, if Trustee-Delegates are granted the additional 60 days they seek to file their remand motion in this case, the other pending tribal trust cases should be consolidated per FRCP 42(a) so that Trustee-Delegates' APA contention can be addressed in these matters once and for all.

###### D.    Trustee-Delegates Should Present their Other Defenses at the Same Time they File a Motion to Remand.

Should this Court allow Trustee-Delegates to file a Motion to Remand, in the interest of facilitating the just, speedy and inexpensive disposition of this action, Trustee-Delegates should be required to combine all of their affirmative defenses in a single motion rather than presenting them to the Court in a serial, piecemeal fashion.  *See* Federal Rule 16(c)(16) (authorizing the Court to "take appropriate action" with respect to any such matter as to "facilitate the just, speedy, and inexpensive disposition of the action.").   The Trustee-Delegates have asserted that Plaintiff-Beneficiary's claims are barred by the statute of limitations, the Indian Claims Commission Act of August 13, 1946,  res judicata, collateral estoppel, laches, waiver, estoppel, "other equitable defenses" and for lack of jurisdiction. There is no reason Trustee-Delegates cannot move for dismissal on each of these defenses at the same time they file the Motion to Remand, and they should be required to do so or be deemed to have waived these other defense contentions.  Allowing Trustee-Delegates to file motions to dismiss on each of the defenses piecemeal will only delay progress in the

litigation – an outcome which this Court is fully authorized to avoid in exercise of its case management authority. *See id.*

## Conclusion

Trustee-Delegates' request that the Court suspend this action while they make arguments in support of remand which this Court and U.S. Court of Appeals have specifically rejected should be denied. Moreover, remanding Plaintiff-Beneficiary's trust accounting claim to the same Trustee-Delegates that have unconscionably delayed for decades in making any legitimate attempt to fulfill this most fundamental of trust duties (and who plead in their Answers not to understand what the term "accounting" means) is totally unacceptable. Indeed, the very reason Plaintiff-Beneficiaries brought this suit is to judicially enforce Trustee-Delegates' fiduciary obligation in a situation where their continuing breach of such trust duty is causing irreparable harm. *See Cobell VI*, 240 F.3d at 1097 ("'The interests at stake are not merely economic interests in [an administrative scheme], but personal interests in life and health.'") Accordingly, the Court should order the parties to proceed with serving initial disclosures as contemplated by Federal Rule 26(a) and discovery should begin.

Respectfully submitted this the 18th day of June, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Tohono O'odham Nation

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE TOHONO O'ODHAM NATION,      )
                                )
            Plaintiff,          )
                                )
v.                              )         Case No. 06-CV-02236-JR
                                )         Judge James Robertson
DIRK KEMPTHORNE, ROSS O.        )
SWIMMER and HENRY M.            )
PAULSON,                        )
                                )
            Defendants.         )

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFF'S COMMENTS REGARDING

DEFENDANTS' REQUEST TO DELAY THESE PROCEEDINGS TO FILE A MOTION TO

REMAND was electronically filed using the Court's ECF system and that the below-listed

counsel are ECF users and will be served via the ECF System:

> Kevin J. Larsen, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C.  20044-0663

17

This 18th day of June, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Tohono O'odham Nation