IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE TOHONO O'ODHAM NATION,   )<br>  )<br>   Plaintiff,   )<br>  )<br>v.   )<br>  )<br>DIRK KEMPTHORNE,   )<br>Secretary of the Interior, <u>et</u> <u>al.</u>,   )<br>  )<br>   Defendants.   )<br>_____  ) | Case No. 06-CV-02236-JR<br>Judge James Robertson |

## DEFENDANTS' BENCH MEMORANDUM ON CASE MANAGEMENT

The Court conducted a joint status conference on June 6, 2007, in this case and three others in which the Tribes represented by the same counsel have brought identical or substantially similar claims against Defendants.[1] At the conclusion of the status conference, the Court invited the parties to submit written memoranda addressing case management procedures for consideration in this and the other three cases, and the other related Tribal trust accounting and trust management cases currently pending before this Court.[2] In particular, the Court invited the parties' input about whether this case ought to be consolidated with the other currently pending and related trust accounting and trust mismanagement cases, for the limited purpose of considering Defendants' proposed motion(s) to remand the case(s) to the Department of the Interior ("Interior") for completion of the accounting

---

[1] The four cases brought by Plaintiff's counsel herein are *Salt River Pima-Maricopa Indian Community v. Kempthorne,* No. 06-cv-02241-JR*; Ak-Chin Indian Community v. Kempthorne*, No. 06-cv-02245-JR; *Passamaquoddy Tribe of Maine v. Kempthorne*, No. 06-cv-02240-JR; and *Tohono O'odham Nation v. Kempthorne*, No. 06-cv-02236-JR.

[2] As the Court is aware, there are approximately 102 Tribal trust accounting cases pending in the United States Court of Federal Claims and various United States District Courts, 37 of which are before this Court. Those 37 cases include *Salt River Pima-Maricopa, Ak-Chin, Passamaquoddy*, and *Tohono O'odham*.

for these Tribes and of related agency action(s).

As explained below, Defendants believe that consolidating the four cases brought by Plaintiff's counsel herein (*Tohono O'odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy*) for the limited purpose of adjudicating the merits of Defendants' proposed remand motions in those cases would be in the interests of judicial efficiency, economy, and conservation of limited resources. Defendants believe, however, that the Court should not consolidate these four cases with any of the other 33 trust accounting and trust mismanagement cases that are currently pending before the Court, not even for the limited purpose of any remand motions that Defendants may file in those cases, at least without providing the parties in those cases the opportunity to be heard on the merits of the limited consolidation proposal, as applied to the cases.

**1.    Relevant Background**

In the four cases brought by Plaintiff's counsel herein, *Tohono O'odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy*, Defendants intend to request that this Court remand the cases to Interior for a specified period of time, so that Interior define and complete the accounting for those Tribes as Interior deems required under its statutory and regulatory mandates. See, e.g., Docket ("Doc.") #10. Upon completion of that remand, Defendants intend to present the accountings, along with the supporting administrative records, to Plaintiffs for their review. Id.

At the June 6 joint status conference, the Court noted that, in addition to these four cases, the Court had other related tribal trust accounting and mismanagement cases pending before it. Specifically, there presently are 37 cases brought by 48 Indian Tribes, including two putative class actions on behalf of all Indian Tribes that allegedly have not received accountings and have not filed their own trust accounting cases. In the interests of judicial economy and efficient case

management, the Court suggested the possibility of consolidating some or all of these related cases for the limited purpose of considering Defendants' remand motions and providing the Plaintiff Tribes in each of these cases the opportunity to "opt out" of the consolidation. The Court requested input from the parties on its suggestion.

**2.     Legal Basis for Consolidation**

Federal Rule of Civil Procedure 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the [same] court, it may . . . order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).  "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court.  In determining whether consolidation is appropriate, courts weigh considerations of convenience and economy against considerations of confusion and prejudice."  *Scarborough v. Nat'l Ass'n of Sur. Bond Producers*, 474 F. Supp. 2d 64, 70 -71 (D.D.C.  2007) (internal quotation marks and citation omitted) (citing *Amer. Postal Workers Union v. United States Postal Service*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006), and *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).

The Court may consolidate related cases under Fed. R. Civ. P. 42(a) *sua sponte*. *See, e.g. Mylan Pharm. Inc. v. Henney*, 94 F.Supp.2d 36, 43 (D.D.C. 2000), *judgment vacated and appeal dismissed on other grounds by* 276 F.3d 627 (D.C. Cir. 2002) *and* 284 F.3d 125 (D.C. Cir. 2002); *Devlin v. Transp. Communications Intern. Union*, 175 F.3d 121, 130 (2nd Cir. 1999); *and In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir.1987).  A court has discretion to consolidate cases under Rule 42(a) if such consolidation will help it manage its caseload with economy of time and effort for itself, for counsel, and for litigants. *Mylan Pharm. Inc.*, 94 F.Supp.2d at 43 (citing *Landis*

*v. Amer. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936)).  Consolidation of cases is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. *Mylan Pharm. Inc.*, 94 F.Supp.2d at 43 (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)).

3.  **The Court Should Consolidate the Cases Filed by the Tohono O'Odham Nation, Salt River Pima-Maricopa Indian Community, Ak-Chin Indian Community, and Passamaquoddy Tribe of Maine, for the Limited Purpose of Deciding Defendants' Forthcoming Remand Motions.**

The four cases brought by Plaintiff's counsel herein—*Tohono O'odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy*—possess sufficient commonalities to warrant the limited consolidation contemplated by the Court.  As the Court is aware, Defendants have proposed to file remand motions in each of those cases within the next several months based on essentially the same grounds.  See, e.g., Doc. #10.  Defendants support consolidation of these four cases for this limited purpose.  Defendants presently request that the Court not consolidate the four cases for any purpose beyond the Court's consideration of Defendants' remand request.[3]

4.  **The Court Should Not Consolidate All the Currently Pending and Related Tribal Trust Accounting and Trust Mismanagement Cases At This Time.**

As mentioned above, pending before the Court is a total of 37 cases brought by 48 Indian Tribes, including two cases alleging putative class actions on behalf of all Indian Tribes who have not filed their own trust accounting claims and the four cases discussed herein (*Tohono O'odham,*

---

[3]   In the event that the Court considers the possibility of consolidation for more than the limited purpose of adjudicating the merits of Defendants' proposed remand motions, Defendants respectfully request the opportunity to provide further input such a broader consolidation possibility at that time.

*Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy)*.  Unlike *Tohono O'Odham*, *Salt River*, *Ak-Chin*, and *Passamaquoddy*, however, the Tribes and the Government in most of the other 33 Tribal trust cases have been and continue to be engaged in settlement discussions or alternative dispute resolution ("ADR") processes.  The cases have been and continue to be administratively closed, temporarily stayed, or subject to extensions of time, so as to allow the parties to undertake informal settlement discussions or ADR processes, as well as informal document and data productions and other activities, in order to resolve the Tribes' trust accounting and trust mismanagement issues and claims, without the need for protracted litigation.  As the Court is aware, the parties in those cases have been and continue to be keeping the Court informed of their efforts and progress, through periodically filed joint status reports or joint motions for temporary stays of litigation or enlargements of time.

To the extent that the parties in most of the other 33 Tribal trust cases have chosen to engage in settlement discussions or ADR processes and not active litigation, they have elected to proceed on a path starkly different than the one currently being described by the parties in the four cases brought by Plaintiff's counsel herein, *i.e., Tohono O'Odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy*.  Because the parties in those other cases presently hope to resolve their issues without the need for judicial intervention or adjudication, Defendants are not seeking to file remand motions in the cases or otherwise planning to undertake active litigation.  Further, Defendants believe that it would not be appropriate or efficient for the Court to consolidate those other cases (in which the parties are engaged in a joint and cooperative effort to resolve the Tribes' trust accounting and trust mismanagement issues and claims without resort to further litigation) with these four cases (in which the parties are undertaking active litigation).  Rather, Defendants believe that it would be

in the interests of judicial economy, efficiency, and conservation of limited resources for the Court to allow the parties in the other cases to proceed with their current settlement or ADR processes until completion or conclusion, at which point the parties and the Court could determine the need, if any, for judicial involvement or intervention and adjudication.[4]

In any event, Defendants believe that, apart from the four cases brought by Plaintiff's counsel herein, the Court should not make any decisions regarding consolidation affecting the other related pending Tribal trust cases, without first providing the parties in those other cases, at a minimum, the opportunity to be heard on the merits and effects of such consolidation on their cases or to "opt out" of such consolidation proposal.  The Court should allow the parties in the related cases the opportunity to be heard on the issue of limited consolidation before the Court issues a ruling, so as to permit the development of a full record that sets forth the parties' positions on all pertinent issues raised by the Tribes in the other cases, so that the Court can take those positions into full consideration in entering any order regarding consolidation.[5]

---

[4]    If settlements negotiations were unsuccessful, limited consolidation of some, most, or all of the other cases resorting to active litigation might be warranted.  At this time, however, it is not possible to determine which of the other cases would or could be settled or litigation and which of the issues and claims presented in the cases could or should be consolidated for efficient adjudication.

[5]    Aside from the four cases brought by Plaintiff's counsel herein (*Tohono O'Odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy*), the other cases that may be considered to be currently in "active litigation" (*i.e.*, the parties are not engaged or preparing to be engaged in settlement or ADR processes) are *Yankton Sioux Tribe v. Kempthorne*, No. 1:03cv01603-JR, and *Nez Perce Tribe v. Kempthorne*, No. 06cv02239-JR.  Nevertheless, the *Yankton Sioux* and *Nez Perce Tribe* cases present issues or considerations that render them inappropriate for limited consolidation with *Tohono O'Odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy* at this time.  For instance, the Tribes in *Nez Perce*, among other things, propose to request in the near future certification of a class of over 200 Tribes that allegedly have not received trust accountings and that have not filed their own cases.  Given that proposal, among other reasons, it is presently premature
(continued...)

Respectfully submitted this 18th day of June, 2007,

               RONALD J. TENPAS
               Acting Assistant Attorney General

               *s/ John H. Martin*
               JOHN H. MARTIN
               United States Department of Justice
               Natural Resources Section
               1961 Stout Street, Eighth Floor
               Denver, CO 80294
               john.h.martin@usdoj.gov
               Tel: (303) 844-1383
               Fax: (303) 844-1350

               KEVIN J. LARSEN
               ANTHONY P. HOANG, FL Bar #798193
               United States Department of Justice
               Environment and Natural Resources Division
               Natural Resources Division
               P.O. Box 663
               Washington, D.C. 20044-0663
               Tel: (202) 305-0258
               Tel: (202) 305-0241
               Fax: (202) 353-2021

               Attorneys for Defendant

               OF COUNSEL:

               TOM BARTMAN
               Office of the Solicitor
               United States Department of the Interior
               Washington, D.C. 20240

               RACHEL HOWARD

---

[5]/(...continued)
and speculative to discuss whether there will be a need for a remand motion in that case and whether that case should be consolidated with *Tohono O'Odham, Salt River Pima-Maricopa*, *Ak-Chin*, and *Passamaquoddy* for the purpose of deciding the remand motion. Similarly, the parties in *Yankton Sioux* have requested and obtained an enlargement of time, to and including July 23, 2007, in order to complete their discussions about whether and how to proceed with the case.

        Office of the Chief Counsel
        Financial Management Service
        United States Department of the Treasury
        Washington, D.C.  20227